**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| DAVID LEE BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:10-CV-1 (CDL) |
| | * | 42 U.S.C. § 1983 |
| COLUMBUS POLICE DEPARTMENT, | * | |
| | * | |
| Defendant. | * | |

**ORDER GRANTING IFP AND RECOMMENDATION OF DISMISSAL**

Plaintiff, a pre-trial detainee, has filed the above styled Section 1983 action against the named Defendant. Plaintiff is also seeking leave to proceed without prepayment of the filing fee or security therefor. As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause

to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full.   In accordance with provisions of the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

## DISCUSSION

Plaintiff's complaint contends that his constitutional rights were violated when an officer pulled a weapon on him during an apparent traffic stop.  Plaintiff states that his Miranda rights were never read to him, that he was arrested and has been in the Muscogee Jail since the date of the incident on November 22, 2009. (R-1, Plaintiff's Complaint). Plaintiff seeks "fair justice" in Columbus, Georgia, but does not seek monetary damages for the acts in question.  (R-1, p. 3).

### Preliminary Review

Pursuant to 28 U.S.C. § 1915A:

> (a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of a complaint, if the complaint —
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

To state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

## Conclusions of Law

After preliminary review, it appears that Plaintiff's § 1983 action must be dismissed for his failure to state a claim upon which relief may be granted.  by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994).

Plaintiff fails to allege that any constitutional rights have been violated, but rather, merely alleges that a weapon was pulled on him by an officer working for the Columbus Police Department during a traffic stop and that his Miranda rights were never read to him. As such, Plaintiff has failed to state a viable § 1983 claim, pursuant to the ruling in *Flagg Bros. v. Brooks*.

Moreover, Plaintiff has failed to state a claim upon which relief may be granted as he has alleged no physical injury resulting from his allegations.  The PLRA provides at 42 U.S.C. § 1997e (e):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The Eleventh Circuit Court of Appeals has held in an *en banc* decision that the physical injury requirement even applies to claims of a constitutional nature and must be more than

3

*de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000). In this case, Plaintiff has made no allegation of physical injury and the factual allegations do not indicate any physical injury.

WHEREFORE, IT IS HEREBY **RECOMMENDED** that the current Complaint be **DISMISSED** under 28 U.S.C. § 1915A as frivolous for Plaintiff's failure to state a claim upon which relief may be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

So RECOMMENDED, this 11th day of January 2010.

                                         S/ G. MALLON FAIRCLOTH
                                         UNITED STATES MAGISTRATE JUDGE

eSw